VÁZQUEZ, PLAINTIFF AND APPELLEE, *v.* MUÑOZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in an Action of Debt.

No. 1643.—Decided July 24, 1917.

DEBT — EVIDENCE — ATTORNEY IN FACT. — The issue between the parties being whether the merchandise, for the value of which plaintiff sues, came into the possession of the defendant as the property of the plaintiff or of the defendant's attorney in fact,—*Held:* That the preponderance of the evidence goes to show that the merchandise was delivered by the plaintiff.

The facts are stated in the opinion.

*Mr. Francisco Cervoni Gely* for the appellant.

*Mr. Eugenio Benítez Castaño* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Isabel Vázquez, widow of Texidor, brought suit against José Muñoz Vázquez to recover the sum of $2,411.24, which according to two documents signed by the attorney in fact of Muñoz, A. McCormick, was due to her for merchandise delivered and payable on July 31, 1915.

The defendant appeared and after trial judgment was rendered for the plaintiff for the sum of $1,911, without special imposition of costs, whereupon the defendant took the present appeal.

Among the errors assigned by the appellant are the following:

"9 and 10. The court erred in overruling the motion for non-suit, and (2) in rendering judgment contrary to the evidence."

It appears to be a fact that there was a corporation engaged in mercantile business in Guayama known as A. McCormick & Company, of which Arturo McCormick and Isabel Vázquez, widow of Texidor, were president and secretary respectively, and that the property of the said corporation, consisting of merchandise, was levied on by Clementina Vázquez and sold at public auction to Attorney Cintrón Lastra as substitute for Attorney Ramos, the attorney for that plaintiff.

Isabel Vázquez undertook to buy the said merchandise from her daughter, Clementina Vázquez, in order to continue the business, and her daughter gave it to her without charge.

At that time, about the end of February, 1915, defendant Muñoz Vázquez established himself as a merchant in order to assist his brother-in-law, Arturo McCormick, whom he placed in charge of the entire business of his establishment. The merchandise which Clementina Vázquez acquired through her attorney for $1,500 and other goods from the branch stores of A. McCormick & Company to the value of $411.04, which she donated to her mother, were contributed to the business of Muñoz Vázquez and the greater part of the same was sold. Of this there is no doubt whatever and the defendant himself admits it in his testimony; therefore the real issue between the parties in this suit is whether Arturo McCormick contributed the merchandise for his own account and owes Isabel Vázquez, widow of Texidor, for it, or whether it was contributed for account of the latter.

Although the books of the establishment of Muñoz Vázquez, which were kept by Arturo McCormick, show that on March 21, 1915, Isabel Vázquez de Texidor was credited with $2,000 for the $1,500 lot of merchandise as the amount of capital contributed by her, the fact is that she was never a partner of Muñoz Vázquez, for he stated that he never cared to enter into partnership with women. Therefore, as Isabel Vázquez was not Muñoz's partner, the only question to be determined is whether the establishment of Muñoz Vázquez

acquired the merchandise through Arturo McCormick or Isabel Vázquez.

There is some confusion in the evidence, but, nevertheless, we are of the opinion that the preponderance of it is in favor of the understanding that Isabel Vázquez did not sell the said merchandise to Arturo McCormick, but that it was delivered to the establishment of Muñoz Vázquez to be sold and the proceeds to be paid to the owner, the plaintiff herein, after July 31, 1915.

From the evidence of the plaintiff alone some doubt exists as to whether Arturo McCormick had authority from Muñoz Vázquez to make the said transaction with the plaintiff, but in view of the testimony of the defendant that he had authorized his brother-in-law to make all kinds of transactions and that he had given him a notarial power of attorney, which he did not produce at the trial in order to be able to show that he was not empowered to make the said transaction and to sign in his name the documents on which the action is based, we must also conclude that Arturo McCormick was authorized to sign the documents in question for Muñoz Vázquez witnessing the transaction for which he is sued. We understand, therefore, that the evidence was sufficient to support the judgment against him.

The other errors assigned concerning the admission of evidence are without importance in this appeal, and therefore need not be considered.

The appeal is dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.